UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUSUF F. DIXON,

                    Plaintiff,

         -against-

ANTONIO GUTERRES, et al.,

                  Defendants.

---

23-CV-0482 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against officials of the United Nations. He invokes the Securing the Protection of Our Enduring and Established Constitutional Heritage (SPEECH) Act, 28 U.S.C. § 4101, and federal criminal statutes for "treason," "racketeering" and other alleged crimes. By order dated February 3, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND AND DISCUSSION

Plaintiff Yusuf Dixon alleges that the events giving rise to his claims occurred during "the last four years" and took place "everywhere." (ECF 2 ¶ III.) Plaintiff makes the following allegations, without specifically mentioning the defendants:

> Making people think that I like gay men, and th[at] I come to the library, movies and shelter to be around people like that. Then they flood these places with them people, which is harassment, mental abuse. Not only that but they use everything in they power to brainwash my son which is a 10 years old kid. May it be at his school, or home, witch they utilizing his mother, cause she use drugs.

(*Id.*) [1]

---

[1] Spelling and punctuation in all quoted material is from the original.

Plaintiff seeks a "full investigation" and damages in an "undisclosed amount." (*Id*. ¶ IV.) He sues Secretary General of the United Nations Antonio Guterres, identified as a "Diplomat" with the "Portuguese Socialist Party,"; "U.S. Women Deput[ies]" Asa Regner and Anita Bhatia; "Executive Director" Sima Bahous.

This complaint is substantially similar to other complaints that Plaintiff has filed in this court purporting to prosecute federal criminal charges, and invoking the SPEECH Act, 28 U.S.C. § 4101, which precludes enforcement of certain foreign defamation judgments. See, e.g., *Dixon v. Biden*, ECF 1:23-CV-0226, 5 (S.D.N.Y. Jan. 13, 2023) (dismissing Plaintiff's claims against President Joe Biden, Vice President Kamala Harris, Department of Homeland Security Secretary Alejandro Mayorkas, and New York City Mayor Eric Adams). As Plaintiff has previously been advised, he cannot initiate the prosecution of federal charges in this Court against any individual because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Plaintiff also cannot pursue a claim under Section 4101 because his complaint does not plead any facts implicating that statute. The Court therefore dismisses Plaintiff's claims. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court further notes that since December 27, 2022, Plaintiff has filed eight *pro se* complaints in this court.[2] Accordingly, he is warned that continuing to file duplicative or frivolous litigation in this Court will result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651; *Sledge v. Kooi*, 564 F.3d 105 (2d Cir. 2009).

## CONCLUSION

Plaintiff's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). Further duplicative or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions IFP without prior permission. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter.

Dated:   April 3, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[2] *See Dixon v. Wing,* ECF 1:23-CV-0749, 2 (S.D.N.Y. filed Jan. 26, 2023 (pending); *Dixon v. Stauma*, ECF 1:23-CV-0483, 2 (S.D.N.Y. filed Jan. 17, 2023) (pending); *Dixon v. Guterres*, ECF 1:23-CV-0482, 6 (S.D.N.Y. Apr. 3 2023) (dismissing complaint as frivolous and warning Plaintiff that further duplicative or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions IFP without prior permission); *Dixon v. Bakish*, ECF 1:23-CV-0480, 5 (S.D.N.Y. Mar. 22, 2023) (dismissing complaint as frivolous); *Dixon v. Wing*, ECF 1:23-CV-0227, 5 (S.D.N.Y. Jan. 11, 2023) (dismissing claims against individuals affiliated with Shoprite Supermarket's headquarters in New Jersey); *Dixon v. Biden*, ECF 1:23-CV-0226, 5 (S.D.N.Y. Jan. 13, 2023) (dismissing Plaintiff's claims against President Joe Biden, Vice President Kamala Harris, Department of Homeland Security Secretary Alejandro Mayorkas, and New York City Mayor Eric Adams); *Dixon v. Jenkins*, ECF 1:23-CV-0225, 5 (S.D.N.Y. filed Jan. 26, 2023) (dismissing some claims as frivolous, and dismissing claims regarding the alleged denial of shelter without prejudice to reasserting those claims in a new action); *Dixon v. Rymat*, ECF 1:22-CV-10910, 2 (S.D.N.Y. filed Dec. 27, 2022) (pending).